UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| STARIN MARKETING, INC., ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 2:16-CV-67-TLS-JEM |
| ) | |
| SWIFT DISTRIBUTION, INC., d/b/a ) | |
| ULTIMATE SUPPORT SYSTEMS, ) | |
|     Defendant, ) | |
| _____ ) | |
| ) | |
| SWIFT DISTRIBUTION, INC., d/b/a ) | |
| ULTIMATE SUPPORT SYSTEMS, ) | |
|     Counter Claimant, ) | |
| ) | |
| v. ) | |
| ) | |
| STARIN MARKETING, INC., ) | |
|     Counter Defendant. ) | |

**OPINION AND ORDER**

This matter is before the Court on Swift Distribution, LLC's Motion to Transfer [DE 41], filed by Defendant and Counter Claimant Swift Distribution doing business as Ultimate Support Systems ("Ultimate") on September 8, 2016. Ultimate asks the Court to transfer this case to the District of Colorado under 28 U.S.C. § 1404(a). On September 21, 2016, Plaintiff and Counter Defendant Starin Marketing ("Starin") filed a response, and on October 3, 2016, Ultimate filed a reply.

**I.    Background**

Starin is an Indiana corporation with its principal place of business in Indiana. Starin markets and delivers audio equipment to customers. Ultimate is a California corporation with its principal place of business in Colorado, specializing in wholesale audio equipment sales. This case arises out

1

of an August 2014 contract between the two companies. Under the contract, Ultimate[1] agreed to sell audio equipment to Starin, and Starin in turn agreed to store the equipment, manage inventory, and fulfill orders from Ultimate's customers in exchange for cost reimbursements and a monthly sales commission.

Around September 2015, the parties began to dispute whether the contract capped the amount of equipment Starin would buy and store. Starin filed this case in Indiana state court on January 21, 2016, alleging a breach of contract claim and a declaratory relief claim against Ultimate. On February 23, 2016, Ultimate removed this case to this Court. Two months later, on April 20, 2016, Ultimate filed a complaint against Starin in the District of Colorado, alleging breach of contract and fraud claims related to the same contract underlying this case.

Starin moved to dismiss or transfer the Colorado case to this Court. Ultimate opposed the motion, arguing that Starin improperly filed this case in anticipation of the Colorado case. On November 4, 2016, after the parties completed their briefing on Ultimate's Motion to Transfer in this case, Starin filed a notice stating that its motion to dismiss the Colorado case was granted.

## II.     Standard of Review

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Therefore, for a case to be transferred, the movant must demonstrate that (1) venue is proper in the transferor court; (2) venue is proper in the transferee court; and (3) the transfer serves the convenience of the parties and

---

[1] Starin's Complaint alleges claims against "Swift Distribution, Inc., d/b/a Ultimate Support Systems." Ultimate filed an Affidavit, on the docket at DE 25, demonstrating that Ultimate assumed Swift Distribution's rights and obligations under the contract underlying this case. Accordingly, the Court refers only to "Ultimate" in its discussion.

witnesses and is in the interest of justice. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986); *see also Key Electronics, Inc. v. Earth Walk Commc'ns, Inc.*, No. 4:13-CV-00098-SEB, 2014 WL 2711838, at *8 (S.D. Ind. June 16, 2014). The decision to transfer an action is within the sound discretion of the trial court, and the analysis is made on a case-by-case, fact-intensive inquiry; the statute does not indicate the relative weight to be accorded each factor. *Coffey*, 796 F.2d at 219, 220 n. 3.

**III.     Analysis**

Ultimate raises two categories of argument to support its motion to transfer. The court discusses each in turn.

    A.     <u>First to File</u>

The majority of Ultimate's brief detailed arguments concerning the so called "first-to-file" rule. "Under the 'first to file' rule, district courts normally stay or transfer a federal suit 'for reasons of wise judicial administration . . . whenever it is duplicative of a parallel action already pending in another federal court.'" *Ginmar Corporate Promotions, Inc. v. Cardinal Health, Inc.*, No. 8-CV-4109, 2008 U.S. Dist. LEXIS 92752, at *2 (N.D. Ill. Nov. 12, 2008) (citing *Serlin v. Arthur Anderson & Co.*, 3 F.3d 221, 223 (7th Cir. 1993)). However, the Seventh Circuit does not adhere to a strict first-to-file rule. *See Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995). Instead, a "declaratory judgment action that is brought in the face of clear threats of suit and seeking a determination that no liability exists will be closely scrutinized as a potentially improper anticipatory filing if the other party proceeds to file." *Id.*

Ultimate contends that Starin's action filed in this district was an "anticipatory" one, and that this case should be transferred to Colorado due to the pending action in that district. However, the

District of Colorado dismissed Ultimate's action, pointing out that "the Indiana Action now fully states the parties' claims against each other, while this action does not. With claims fully framed, the Indiana Action is poised to proceed at a faster pace for pretrial preparation and an early resolution." Order of the District of Colorado on Recommendation to Transfer Case, DE 54-1 at 6. Without a case pending in the District of Colorado, there is no "duplicative action" requiring transfer, stay, or dismissal of this case under the first-to-file rule. *See Serlin*, 3 F.3d at 223.

Furthermore, when one lawsuit is filed before another, the order of the filings, without more, does not compel transfer. *See Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 982 (7th Cir. 2010) ("We hold that where a district court faces one of two identical lawsuits and one party moves to transfer to the other forum, the court should do no more than consider the order in which the suits were filed among the factors it evaluates under 28 U.S.C. § 1404(a)."). Accordingly, this Court need not decide between the venues of two cases that are mirror images – especially as there are no longer two cases – but instead addresses the factors governing transfer under § 1404(a).

B. Section 1404(a) Factors

Under § 1404(a), Ultimate must show that (1) venue is proper in the transferor court; (2) venue is proper in the transferee court; and (3) the transfer serves the convenience of the parties and witnesses and is in the interest of justice. *Coffey*, 796 F.2d at 219-20. Ultimate argues that all three elements require transfer to the District of Colorado. The parties agree that venue is proper in both this district and the District of Colorado and that the balance of convenience would remain equal in either forum.

Accordingly, the determinative concern is whether the interest of justice would served by transfer. *See Research Automation*, 626 F.3d at 978 ("The interest of justice may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result."). Despite Defendant's arguments to the contrary, the interest of justice weighs heavily against transfer. The Colorado action has been dismissed, and the parties respective claims and defenses are now fully before this Court. Transfer to the District of Colorado is likely to delay this case even further and would unnecessarily waste judicial resources. *See* Order of the District of Colorado on Recommendation to Transfer Case, DE 54-1 at 6 ("This matter is unusual, however, in that it appears that the Colorado action is simply a less developed version of the Indiana Action.").

Accordingly, as the moving party, Ultimate has failed to show that the District of Colorado is "clearly more convenient" than the Northern District of Indiana. *Coffey*, 796 F.2d at 219-20.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Swift Distribution, LLC's Motion to Transfer [DE 41].

SO ORDERED this 19th day of January, 2017.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc: All counsel of record