# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| STARIN MARKETING, INC., | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.:2:16-CV-67-RL-JEM |
| | ) |
| SWIFT DISTRIBUTION, INC., d/b/a | ) |
| ULTIMATE SUPPORT SYSTEMS, | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on the parties' briefs regarding attorney fees stemming from Defendant's motion to compel. On November 20, 2017, the Court issued an Order denying in part Defendant's motion to compel inasmuch as the requested discovery had been provided, granting in part the Motion with respect to the recovery of attorney's fees and costs, and ordering Defendant to file an itemization of its costs and fees incurred in making the Motion. On November 15, 2017, Defendant filed its itemization, and on November 17, 2017, Plaintiff filed a response objecting to portions of the itemization.

Rule 37(a)(5)(A) provides that, if a motion to compel "is granted—or if the disclosure or requested discovery is provided after the motion is filed—the court must, after giving the opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless "the movant filed the motion before attempting in good faith to obtain" the requested discovery, "the opposing party's nondisclosure . . . was substantially justified; or . . . other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). District courts possess wide latitude in evaluating the reasonableness of requested attorney fees and costs. *Johnson v. Kakvand*, 192 F.3d 656, 661 (7th Cir. 1999).

As the Supreme Court has explained, "the most useful starting point for court determination of the amount of a reasonable fee payable by the loser is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," known as the "lodestar." *Gisbrecht v. Barnhart*, 535 U.S. 789, 801-02, 122 (2002) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) (quotation and other marks omitted). Defendant's initial request was for $3,185, representing 6.9 hours of primary counsel time attempting to obtain the requested discovery, drafting and filing the motion to compel, reviewing the discovery responses and drafting Defendant's reply brief, and preparing request for fees, at $350 per hour; plus 2.8 hours of local counsel time spent drafting the brief supporting the fee amount, at $275 per hour.

Plaintiff does not contest the hourly rate for either attorney, but finds fault with four other aspects of the fee itemization. First, Plaintiff points out a calculation error and notes that the amount of primary counsel time evidenced in Defendant's itemization totals just 5.9 hours, not 6.9 hours. This observation is correct, and will result in a reduction of $350 from Defendant's requested fee award. Plaintiff also objects to the amount of hours that Defendant's attorneys report spending on certain tasks and asks the Court to deduct half an hour from email communications and another 1.4 hours from review and briefing time. However, the Court finds nothing unreasonable or excessive in the hours requested as reported in Defendant's itemization.

Accordingly, the Court hereby approves and **GRANTS in part** Defendant's request for attorney fees contained within Defendant Swift Distribution, LLC's Motion to Compel Plaintiff to Respond to its First Set of Discovery Requests [DE 64] and in Defendant/Counter-Plaintiff's Itemization of Attorney's Fees and Expenses and Supporting Brief [DE 77]. Plaintiff and/or its

attorney is **ORDERED** to reimburse Defendant in the sum of $2,835 in attorney fees within thirty days of the date of this order.

SO ORDERED this 23rd day of March, 2018.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc: All counsel of record