**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| STARIN MARKETING, INC., <br>     Plaintiff, <br><br> v. <br><br> SWIFT DISTRIBUTION, INC., d/b/a <br> ULTIMATE SUPPORT SYSTEMS, <br>     Defendant, <br><br> SWIFT DISTRIBUTION, INC., d/b/a <br> ULTIMATE SUPPORT SYSTEMS, <br>     Counter Claimant, <br><br> v. <br><br> STARIN MARKETING, INC., <br>     Counter Defendant. | CAUSE NO. 2:16-CV-67-TLS-JEM |

**OPINION AND ORDER**

This matter is before the Court on a Motion of Plaintiff/Counterdefendant, Starin Marketing, Inc., to Assess Attorney's Fees Pursuant to Fed. R. Civ. P. 37(A)(5) [DE 149], filed June 5, 2019. On May 22, 2019, the Court granted the Motion of Plaintiff/Counterdefendant, Starin Marketing, Inc., to Compel Discovery, and set a briefing schedule for the attorney's fees incurred in filing the motion. On June 5, 2019, Starin filed the instant petition requesting $5,610.00 in attorney's fees. Defendant/Counter Claimant Swift Distribution, Inc., d/b/a Ultimate Support Systems filed a response on June 11, 2019, acknowledging that fees are appropriate but objecting to the amount of fees. On June 27, 2019, Starin filed a reply, requesting an additional $550.00.

Rule 37 provides that, if a motion to compel is granted, the Court "must, after giving the opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred

in making the motion, including attorney's fees" unless "the movant filed the motion before attempting in good faith to obtain" the requested discovery, "the opposing party's nondisclosure . . . was substantially justified; or . . . other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). District courts possess wide latitude in evaluating the reasonableness of requested attorney fees and costs. *Johnson v. Kakvand*, 192 F.3d 656, 661 (7th Cir. 1999).

Starin's motion to compel was granted, so it is up to Ultimate to demonstrate that its nondisclosure was substantially justified or other circumstances make an award of attorneys' fees unjust. As the Supreme Court has explained, "the most useful starting point for court determination of the amount of a reasonable fee payable by the loser is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," known as the "lodestar." *Gisbrecht v. Barnhart*, 535 U.S. 789, 801-02 (2002) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) (quotation and other marks omitted). Starin requests attorney fees in the amount of $5,610.00, representing 20.4 attorney hours at the rate of $275 per hour on the initial motion to compel and brief in support of fees, plus an additional 2 hours, or $550.00, for drafting the reply brief. Ultimate acknowledges Starin's entitlement to fees and does not object to the hourly rate, but argues that the number of hours expended is excessive. It objects in particular to the amount of time spent preparing the request for attorney fees since the only issue that needed to be addressed is the amount of fees and not whether fees should be awarded. The Court notes that nine hours in briefing the request for attorney fees makes up more than forty percent of the total number of hours expended on the motion to compel. Given that the brief is primarily recitation of the standard of review for an attorney fee request along with creation of a billing statement, which would occur in the ordinary course of business, the Court will discount this amount and finds that 4 hours of attorney time for briefing the

fees request and reply is reasonable. The Court therefore awards 17.4 attorney hours at $275 per hour, or $4,785.00.

For the foregoing reasons, the Court hereby **GRANTS in part** the Motion of Plaintiff/Counterdefendant, Starin Marketing, Inc., to Assess Attorney's Fees Pursuant to Fed. R. Civ. P. 37(A)(5) [DE 149] and **ORDERS** Defendant/Counter Claimant Ultimate Support Systems to reimburse Starin in the sum of $4,785.00 within a reasonable time.

SO ORDERED this 7th day of August, 2019.

                                            s/ John E. Martin
                                            MAGISTRATE JUDGE JOHN E. MARTIN
                                            UNITED STATES DISTRICT COURT

cc:    All counsel of record